THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS McGOORTY, Plaintiff in Error.

*Opinion filed January 22, 1948.*

THOMAS McGOORTY, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (LEE E. DANIELS, State's Attorney, of Wheaton, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

June 18, 1928, the defendant, Thomas McGoorty, was indicted in the circuit court of Du Page County for the crime of armed robbery alleged to have been committed on February 29, 1928. The indictment further charged defendant's prior conviction of the crime of robbery. Counsel was appointed to represent defendant. A motion to quash the indictment was overruled, and defendant then pleaded not guilty. During the trial, upon motion of the State's Attorney, a *nolle prosequi* was entered to the fifth count of the indictment. A jury found defendant guilty of robbery while armed with a dangerous weapon and that he had theretofore been convicted of robbery in a court of competent jurisdiction. Judgment was rendered upon

the verdict and defendant sentenced to the penitentiary for life as an habitual criminal. Appearing *pro se,* defendant prosecutes this writ of error, seeking a reversal on the basis of the common-law record. No bill of exceptions has been filed.

Defendant's several contentions resolve themselves into the single issue whether the count charging his previous conviction or, instead, the last count charging assault with intent to rob, was nol-prossed. Disposition of his contentions that he was convicted and sentenced as an habitual criminal after the count charging his previous conviction of robbery had been nol-prossed is dependent upon whether the indictment contains five or six counts. Defendant insists that the count which he denominates the fifth of six counts was nol-prossed. To sustain the judgment, the People maintain that the last count was nol-prossed and that it was the fifth of five counts.

Recourse to the record discloses that the indictment consists of five unnumbered counts. Of these, the first charges that, on February 29, 1928, defendant committed the crime of robbery while armed with a dangerous weapon, namely, a shot gun, with intent, if resisted, to kill or maim the victim, Clarence McFeeley. Count 2 charges that defendant assaulted McFeeley and robbed him while armed. The third count alleges that defendant assaulted McFeeley and robbed him while armed with a dangerous weapon, thereby indicating a violent and unlawful intention. The fourth count charges that, in Cook County, on June 28, 1924, defendant robbed Eastman Dryden. Defendant calls the description of the robbery charge in 1924 count 4 and captions the rest of the count as count 5. In short, defendant construes those allegations of the present indictment which merely charge him with committing a robbery in Cook County, in 1924, as an independent count, rather than a part of a count, in the indictment returned in Du Page County on June 18, 1928. After alleging the perpetration

of the prior robbery, the indictment uses the word "and," preliminary to a detailed recital of the court proceedings and conviction of defendant in the criminal court of Cook County. The fourth count of the present indictment continues by charging that defendant pleaded guilty to the crime of robbery and, on December 22, 1924, was sentenced to imprisonment in the penitentiary under the Indeterminate Sentence Act for a term not to exceed the maximum term for robbery prescribed by the Criminal Code; that he was confined in the penitentiary until December 21, 1927, when released conformably to the provisions of the Parole Law, and that he, the defendant, being the same person who was convicted and sentenced, as described, on February 29, 1928, assaulted and robbed McFeeley, while armed with a shot gun, with the intent, if resisted, to kill or maim. Count 5, persistently called count 6 by defendant, charges him with the crime of assault, with intent to rob. It is this last count, correctly denominated count 5, which was nol-prossed by the trial court upon motion of the State's Attorney during the course of the trial.

Defendant's contentions are all predicated upon the erroneous assumption that the count nol-prossed by the State's Attorney was the count under the Habitual Criminal Act. The counts in the indictment were not numbered but it is apparent that there are but five counts and that it was the fifth count charging an assault with intent to rob which was nol-prossed, and not the fourth count charging a previous conviction of robbery. This being so, defendant has misconstrued the indictment, and the contentions made and argued are without any basis in the common-law record.

The judgment of the circuit court of Du Page County is affirmed.

*Judgment affirmed.*